**CT Corporation**

**Service of Process Transmittal**
04/12/2022
CT Log Number 541386683

**TO:** Melissa Gravlin
Fca US LLC
1000 CHRYSLER DR OFC OF
AUBURN HILLS, MI 48326-2766

**RE:** **Process Served in California**

**FOR:** FCA US LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Teagan Petersen, an individual // To: FCA US LLC |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Attachment(s) |
| **COURT/AGENCY:** | San Diego County Superior Court, California, CA<br>Case # 37202200011793CUBCCTL |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2018 Jeep Grand Cherokee - VIN# 1C4RJFN99JC457193 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/12/2022 at 09:03 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | David N. Barry<br>The Barry Law Firm<br>11845 W. Olympic Blvd.<br>Suite 1270<br>Los Angeles, CA 90064<br>310-684-5859 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/12/2022, Expected Purge Date: 04/17/2022<br><br>Image SOP<br><br>Email Notification,  Lance Arnott  sopverification@wolterskluwer.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 **CT Corporation**

**Service of Process Transmittal**
04/12/2022
CT Log Number 541386683

**TO:**    Melissa Gravlin
            Fca US LLC
            1000 CHRYSLER DR OFC OF
            AUBURN HILLS, MI 48326-2766

**RE:**    **Process Served in California**

**FOR:**   FCA US LLC  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                                Tue, Apr 12, 2022
**Server Name:**                         DROP SERVICE

| Entity Served | FCA US LLC |
|---|---|
| Case Number | 37202200011793CUBCCTL |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FCA US, LLC, A Delaware Limited Liability Company; and DOES 1
through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TEAGAN PETERSEN, an individual,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/28/2022** at 03:30:55 PM

Clerk of the Superior Court
By Bernabe Montijo, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Hall of Justice Courthouse

330 West Broadway
San Diego, CA 92101

CASE NUMBER:
37-2022-00011793-CU-BC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David N. Barry, Esq. 11845 W. Olympic Blvd., Suite 1270, Los Angeles, CA 90064  (310) 684-5859

DATE: 03/30/2022
*(Fecha)*

Clerk, by _____, Deputy
*(Secretario)*  B. Montijo  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* FCA US, LLC.

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 4/12/22

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  DAVID N. BARRY, ESQ. (SBN 219230)
2  THE BARRY LAW FIRM
   11845 W. Olympic Blvd., Suite 1270
3  Los Angeles, CA 90064
   Telephone: 310.684.5859
   Facsimile: 310.862.4539
4
5  Attorneys for Plaintiff, TEAGAN PETERSEN

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**03/28/2022** at 03:30:55 PM
Clerk of the Superior Court
By Bernabe Montijo,Deputy Clerk

6
7
8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9  **FOR THE COUNTY OF SAN DIEGO – HALL OF JUSTICE COURTHOUSE**

10  TEAGAN PETERSEN, an individual,

11                                                    Case No.  37-2022-00011793-CU-BC-CTL

12              Plaintiff,

13       v.                                           **COMPLAINT FOR DAMAGES**

14

15  FCA US, LLC, A Delaware Limited Liability

16  Company; and DOES 1 through 20, inclusive,

17              Defendants.

18                                                    *Assigned for all purposes to the Hon.*
                                                      *in Dept.*
19

20

21       1.  Breach of Implied Warranty of Merchantability under the Song-Beverly Consumer

22           Warranty Act.

23       2.  Breach of Express Warranty under the Song-Beverly Consumer Warranty Act.

24  JURY TRIAL DEMANDED.

25

26

27

28

-1-
**COMPLAINT FOR DAMAGES**

PLAINTIFF TEAGAN PETERSEN, an individual, hereby alleges and complains as follows:

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1.     Defendant, FCA US, LLC, is a Delaware Limited Liability Company doing business in the County of San Diego, State of California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing of Jeep motor vehicles and related equipment.

2.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants, Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth their true names and capacities when Plaintiff has ascertained them.  Further, Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a "Doe" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to Plaintiff as herein alleged.

3.     FCA US, LLC and Defendants, Does 1 through 20, inclusive, are collectively hereinafter referred to as "Defendants."

4.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-Defendants. Plaintiff is informed and believes, and thereon alleges, that in doing the things hereinafter alleged Defendants, and each of them, were acting in the course and scope of their employment as such agents, servants, and/or employees, and with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

5.     On March 1, 2020, Plaintiff purchased a used 2018 Jeep Grand Cherokee, VIN 1C4RJFN99JC457193 (hereinafter referred to as the "Vehicle"), for personal, family, and/or household purposes.  The Vehicle was purchased used with only 8,156 existing miles. The Retail Installment Sale Contract ("Contract") is in the possession of Defendants.

6.     The Vehicle was/is a "new motor vehicle" under the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act").

7.     Plaintiff received written warranties and other express and implied warranties including,

but not limited to, warranties from Defendants that the Vehicle and its components would be free from all defects in material and workmanship; that the Vehicle would pass without objection in the trade under the Contract description; that the Vehicle would be fit for the ordinary purposes for which it was intended; that the Vehicle would conform to the promises and affirmations of fact made; that Defendants would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was free from any defects in material and workmanship.

8.     Defendants provide all Jeep customers, including Plaintiffs, with a New Vehicle Limited Warranty with the purchase or lease of a Jeep vehicle.  The New Vehicle Limited Warranty for the Vehicle, which includes a Basic Limited warranty as well as a Powertrain warranty, includes in relevant part[1]:

> **New Vehicle Limited Warranty:**
> **Basic Limited Warranty Coverage:**
> The Basic Limited Warranty lasts for 36 months from the date it begins or for 36,000 miles on the odometer, whichever occurs first.
> **What Is Covered in the Basic Limited Warranty:**
> The Basic Limited Warranty covers the cost of all parts and labor needed to repair any item on your vehicle when it left the manufacturing plant that is defective in material, workmanship or factory preparation. There is no list of covered parts since the only exception are tires and Unwired headphones. You pay nothing for these repairs. These warranty repairs or adjustments — including all parts and labor connected with them — will be made by your dealer at no charge, using new or remanufactured parts.
> **Powertrain:**
> The Powertrain Limited Warranty lasts for up to five years or 60,000 miles on the odometer, whichever occurs first.
> **What Is Covered in the Powertrain Limited Warranty:**
> Transmission case and all internal parts; torque converter; drive/flex plate; transmission range switch; speed sensors; pressure sensors; transmission control module; bell housing; oil pan; seals and gaskets for listed components only. Rear axle housing and all internal parts; axle shafts; axle shaft bearings; drive shaft assemblies; drive shaft center bearings; universal joints and yokes; seals and gaskets for listed components only. Transfer case and all internal parts; transfer case control module and shift mode motor assembly; axle housing and all internal parts; axle shafts; axle shaft bearings; drive shafts assemblies (front and rear); drive shaft center

[1] https://msmownerassets.z13.web.core.windows.net/assets/publications/en-us/Jeep/2018/Wrangler_JL/9576.pdf (Last accessed March 23, 2022)

**COMPLAINT FOR DAMAGES**

1    bearings; universal joints and yokes; disconnect housing assembly; seals
     and gaskets for the listed components only.

2    **Towing Costs Are Covered:**

3    The Roadside Assistance covers the cost of towing your truck to the nearest
     Chrysler, Dodge, Jeep® or Ram dealer if your vehicle cannot be driven

4    because a covered part has failed."

5       9.     Plaintiff has duly performed all the conditions on Plaintiff's part under the Contract

6    and under the express and implied warranties given to Plaintiff, except insofar as the acts and/or

7    omissions of the Defendants, and each of them, as alleged herein, prevented and/or excused such

8    performance.

9       10.    Plaintiff has delivered the Vehicle to the Defendants' authorized service and repair

10   facilities, agents and/or dealers, on at least two (2) separate occasions resulting in the Vehicle being

11   out of service by reason of repair of nonconformities. Repair orders and/or invoices related to said

12   repair presentations are in the possession of Defendants.

13      11.    By way of example, and not by way of limitation, on March 9, 2021, Plaintiff delivered

14   the Vehicle to a repair facility authorized by Defendants, informing Defendants that the Vehicle was

15   aggressively shaking while driving on the freeway and the illumination of the "Check Engine"

16   warning light and the "Anti-lock Braking System" warning light. Defendants' authorized service

17   technician confirmed the concern and resulted in replacing the V/C gasket. After being in custody of

18   Defendants for two (2) days, the Vehicle was returned to Plaintiff and Defendants' authorized service

19   technician represented to Plaintiff that the Vehicle was then operating as intended and was safe to

20   drive. Plaintiff reasonably relied on this representation by the service technician at the Defendants'

21   authorized repair facility. All diagnostics/repairs were covered under Defendants' written warranty.

22      12.    Additionally, on March 15, 2021, Plaintiff's Vehicle was towed to a repair facility

23   authorized by Defendants due to non-drivable conditions. Plaintiff notified Defendants that the

24   Vehicle was losing power, smoke coming from the engine, a faulty battery causing start-up issues, a

25   damaged right rear tire, and the illumination of the "Anti-lock Braking System" warning light.

26   Defendants' authorized service technician confirmed the concern and resulted in replacing the

27   intercooler, the engine long block, and the battery. After being in custody of Defendants for one

28   hundredal three (103) days, the Vehicle was returned to Plaintiff and Defendants' authorized service

-4-
**COMPLAINT FOR DAMAGES**

1    technician represented to Plaintiff that the Vehicle was then operating as intended and was safe to
2    drive. Plaintiff reasonably relied on this representation by the service technician at the Defendants'
3    authorized repair facility. All diagnostics/repairs were covered under Defendants' written warranty.

4         13.    Each time Plaintiff delivered the nonconforming Vehicle to Defendants' authorized
5    service and repair facility, Plaintiff notified Defendants, and each of them, of the defects,
6    malfunctions, misadjustments, and/or nonconformities existent with the Vehicle and demanded that
7    Defendants or its representatives repair, adjust, and/or replace any necessary parts to conform the
8    Vehicle to the applicable warranties.

9         14.    Each time Plaintiff delivered the nonconforming Vehicle to Defendants' authorized
10   service and repair facility, Defendants, and each of them, represented to Plaintiff that they could and
11   would conform the Vehicle to the applicable warranties, that in fact they did conform the Vehicle to
12   said warranties, and that all the defects, malfunctions, misadjustments, and/or nonconformities have
13   been repaired; however, Defendants or their representatives failed to conform the Vehicle to the
14   applicable warranties because said defects, malfunctions, misadjustments, and/or nonconformities
15   continue to exist even after a reasonable number of attempts to repair was given.

16        15.    The amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS
17   ($25,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against Defendants,
18   together with equitable relief. In addition, Plaintiff seeks damages from Defendants, and each of
19   them, for incidental, consequential, exemplary, and actual damages including interest, costs, and
20   actual attorneys' fees.

21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

**FIRST CAUSE OF ACTION**

**Breach of Implied Warranty of Merchantability under the Song-Beverly Act**

**Against all Defendants**

16.     Plaintiff realleges each and every paragraph (1-15) and incorporates them by this reference as though fully set forth herein.

17.     The distribution and sale of the Vehicle was accompanied by the Defendants' implied warranty that the Vehicle was merchantable.

18.     Furthermore, Defendants, and each of them, impliedly warranted, inter alia, that the Vehicle would pass without objection in the trade under the Contract description; that the Vehicle was fit for the ordinary purposes for which it was intended; that the Vehicle was adequately assembled; and/or that the Vehicle conformed to the promises or affirmations of fact made to Plaintiff.

20.     As evidenced by the defects, malfunctions, misadjustments, and/or nonconformities alleged herein, the Vehicle was not merchantable because it did not have the quality that a buyer would reasonably expect; because it could not pass without objection in the trade under the Contract description; because it was not fit for the ordinary purposes for which it was intended; because it was not adequately assembled; and/or because it did not or could not be conformed to the promises or affirmations of fact made to Plaintiff.

21.     Upon discovery of the Vehicle's nonconformities, Plaintiff took reasonable steps to notify Defendants, and each of them, within a reasonable time that the Vehicle did not have the quality that a buyer would reasonably expect and, further, justifiably revoked acceptance of the nonconforming Vehicle.

22.     Plaintiff hereby gives written notice and justifiably revokes acceptance of the nonconforming Vehicle under the Commercial Code sections 2607 and 2608. Plaintiff further demands that Defendants cancel the sale, take back the nonconforming Vehicle, refund all the money expended, pay the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted, and/or pay damages under the Commercial Code sections 2711, 2714, and 2715. Defendants, and each of them, have, however, refused to comply.

-6-
**COMPLAINT FOR DAMAGES**

23.     Plaintiff hereby gives written notice and makes demand upon Defendants for replacement or restitution, pursuant to the Song-Beverly Act.  Defendants, and each of them, knew of their obligations under the Song-Beverly Act; however, despite Plaintiff's demand, Defendants and each of them, have intentionally failed and refused to make restitution or replacement pursuant to the Song-Beverly Act.

24.     As a result of the acts and/or omissions of the Defendants, and each of them, Plaintiff has sustained damage in the amount actually paid or payable under the Contract, plus prejudgment interest thereon at the legal rate.  Plaintiff will seek leave to amend this Complaint to set forth the exact amount thereof when that amount is ascertained.

25.     As a further result of the actions of Defendants, and each of them, Plaintiff has sustained incidental and consequential damages in an amount yet to be determined, plus interest thereon at the legal rate.  Plaintiff will seek leave to amend this Complaint to set forth the exact amount of incidental damages when that amount is ascertained.

26.     As a further result of the actions of Defendants, and each of them, Plaintiff has sustained damages equal to the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted.

27.     As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to the Song-Beverly Act, Plaintiff, in addition to other remedies, is entitled to the recovery of attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

///

///

///

///

///

///

///

**COMPLAINT FOR DAMAGES**

1

## SECOND CAUSE OF ACTION

2

### Breach of Express Warranty under the Song-Beverly Act

3

#### Against all Defendants

4       28.     Plaintiff realleges each and every paragraph (1-27) and incorporates them by this

5   reference as though fully set forth herein.

6       29.     The Vehicle had defects, malfunctions, misadjustments, and/or nonconformities

7   covered by the warranty that substantially impaired its value, use, or safety to Plaintiff.

8       30.     Plaintiff delivered the Vehicle to Defendants or their authorized repair facilities for

9   repair.

10      31.     Defendants, and each of them, failed to service or repair the Vehicle to match the

11  written warranty after a reasonable number of opportunities to do so.

12      32.     The acts and/or omissions of Defendants, and each of them, in failing to perform the

13  proper repairs, part replacements, and/or adjustments, to conform the Vehicle to the applicable

14  express warranties constitute a breach of the express warranties that Defendants provided to Plaintiff,

15  thereby breaching Defendants' obligations under the Song-Beverly Act.

16      33.     Defendants, and each of them, failed to perform the necessary repairs and/or service in

17  good and workmanlike manner. The actions taken by Defendants, and each of them, were insufficient

18  to make the Vehicle conform to the express warranties and/or proper operational characteristics of

19  like vehicles, all in violation of Defendants' obligations under the Song-Beverly Act.

20      34.     Plaintiff hereby gives written notice and makes demand upon Defendants for

21  replacement or restitution, pursuant to the Song-Beverly Act. Defendants and each of them, knowing

22  their obligations under the Song-Beverly Act, and despite Plaintiff's demand, failed and refused to

23  make restitution or replacement according to the mandates of the Song-Beverly Act. The failure of

24  Defendants, and each of them, to refund the price paid and payable or to replace the Vehicle was

25  intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's

26  actual damages.

27      35.     As a result of the acts and/or omissions of Defendants, and each of them, and pursuant

28  to the provisions of the Song-Beverly Act, Plaintiff is entitled to replacement of the Vehicle or

-8-
**COMPLAINT FOR DAMAGES**

1   restitution of the amount actually paid or payable under the Contract, at Plaintiff's election, plus

2   prejudgment interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set

3   forth the exact amount of restitution and interest, upon election, when that amount has been

4   ascertained.

5        36.    Additionally, as a result of the acts and/or omissions of Defendants, and each of them,

6   and pursuant to the Song-Beverly Act, Plaintiff has sustained and is entitled to consequential and

7   incidental damages in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiff

8   will seek leave to amend this Complaint to set forth the exact amount of consequential and/or

9   incidental damages, when those amounts have been ascertained.

10       37.    As a direct result of the acts and/or omissions of Defendants, and each of them, and in

11  pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to the Song-

12  Beverly Act, Plaintiff, in addition to other remedies, is entitled to the recovery of attorneys' fees

13  based upon actual time expended and reasonably incurred, in connection with the commencement

14  and prosecution of this action.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

-9-
**COMPLAINT FOR DAMAGES**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

A.  For replacement or restitution, at Plaintiff's election, according to proof;

B.  For incidental damages, according to proof;

C.  For consequential damages, according to proof;

D.  For a civil penalty as provided in the Song-Berverly Act, in an amount not to exceed two times the amount of Plaintiff's actual damages;

E.  For actual attorneys' fees, reasonably incurred;

F.  For costs of suit and expenses, according to proof;

G.  For the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted;

H.  For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;

I.  For pre-judgment interest at the legal rate;

J.  Such other relief the Court deems appropriate.

Date:   March 23, 2022

THE BARRY LAW FIRM

By_____
DAVID N. BARRY, ESQ.
Attorney for Plaintiff,
TEAGAN PETERSEN

**COMPLAINT FOR DAMAGES**

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7070 |

| PLAINTIFF(S) / PETITIONER(S):   Teagan Petersen |
|---|
| DEFENDANT(S) / RESPONDENT(S):  FCA US LLC |
| |
| PETERSEN VS FCA US LLC [IMAGED] |

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER:<br>37-2022-00011793-CU-BC-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Carolyn Caietti                                               Department: C-70

## COMPLAINT/PETITION FILED: 03/28/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 09/02/2022 | 09:30 am | C-70 | Carolyn Caietti |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2022-00011793-CU-BC-CTL        CASE TITLE: Petersen vs FCA US LLC [IMAGED]

<u>**NOTICE**</u>**: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
        **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
        **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** <u>***and***</u>
        **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Teagan Petersen |
|---|
| DEFENDANT(S): FCA US LLC |
| SHORT TITLE: PETERSEN VS FCA US LLC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2022-00011793-CU-BC-CTL |
|---|---|

Judge: Carolyn Caietti                    Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                    ☐ Binding private arbitration

☐ Voluntary settlement conference (private)                    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                    ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____                    _____
Name of Plaintiff                    Name of Defendant

_____                    _____
Signature                    Signature

_____                    _____
Name of Plaintiff's Attorney                    Name of Defendant's Attorney

_____                    _____
Signature                    Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 03/30/2022                    _____
                    JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1